**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| KENYON STARK, | Case No. 2:16-cv-02249-APG-GWF |
| Petitioner, | **ORDER** |
| v. | |
| BAKER, et al., | |
| Respondents. | |

Petitioner has submitted a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (ECF No. 1-1). However, petitioner has failed to submit an application to proceed *in forma pauperis* or pay the filing fee. Accordingly, this matter has not been properly commenced. 28 U.S.C. § 1915(a)(2) and Local Rule LSR1-2.

Thus, the present action will be dismissed without prejudice to the filing of a new petition in a new action with either the $5.00 filing fee or a completed application to proceed *in forma pauperis* on the proper form with both an inmate account statement for the past six months and a properly executed financial certificate.

The court also notes that petitioner indicates on the face of his petition that he did not appeal his conviction and he did not appeal the denial of his state postconviction petition (ECF No. 1-1, p. 1). A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981). As Stark indicates, and the state court

docket appears to support, he has presented no claims to the highest available state court, and therefore, his petition is wholly unexhausted.

It does not appear from the papers presented that a dismissal without prejudice will materially affect a later analysis of any timeliness issue with regard to a new action filed in a timely manner.   Petitioner at all times remains responsible for properly exhausting his claims, for calculating the running of the federal limitation period as applied to his case, and for properly commencing a timely-filed federal habeas action.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** without prejudice to the filing of a new petition in a new action with a properly completed application form to proceed *in forma pauperis*.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**, as jurists of reason would not find the court's dismissal of this improperly commenced action without prejudice to be debatable or incorrect.

**IT IS FURTHER ORDERED** that the Clerk shall send petitioner two copies each of an application form to proceed *in forma pauperis* for incarcerated persons and a noncapital Section 2254 habeas petition form, one copy of the instructions for each form, and a copy of the papers that he submitted in this action.

**IT IS FURTHER ORDERED** that the Clerk shall **ENTER JUDGMENT** accordingly and close this case.

DATED: 18 October 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE